### BERRIMAN v. TASHJIAN.

(Supreme Court, Appellate Term. March 5, 1908.)

1. CONTRACTS—SERVICES—SKILL REQUIRED.

A rug dealer, who makes cleaning rugs part of his business and holds himself out as competent in that respect, is presumed to undertake to exercise the average skill of his trade, and for failure to exercise such skill is liable for the resulting injury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 875–877, 1249.]

2. APPEAL—REVIEW—QUESTION OF FACTS.

Where, in an action for damaging a rug in cleaning it, the evidence was conflicting as to whether defendant had failed to use ordinary skill, a finding for plaintiff will not be reversed.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 11, Contracts, §§ 3983–3989.]

Appeal from Municipal Court, Borough of Manhattan, Twelfth District.

Action by Louise Berriman against Hovhannes M. Tashjian. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

George S. Kebabian, for appellant.
Thomas &. Oppenheimer, for respondent.

PER CURIAM. The plaintiff contracted with the defendant for the cleaning of an India rug delivered to him for that purpose, and upon the return of the rug, spotted, brought this action to recover for the damage. Judgment was rendered in her favor. It appeared upon the trial that the defendant was a dealer in rugs and that their clean-

ing was a part of his business. Holding himself out as competent in that respect, it must be assumed that the defendant undertook to exercise the average skill of his trade, and for his failure to use such skill he is liable in damages if injury has resulted.

It was conceded that the defendant had subjected the rug to washing with soap and water, and the particular question litigated was whether this process was proper in the case of India rugs. For the plaintiff it was testified that such rugs were invariably subjected to a process of dry cleaning, washing having the effect of causing spots or discolorations; while from testimony for the defendant it appeared that rugs of all kinds were subjected to the same cleaning process, that of washing with soap and water. Upon this conflict of the evidence the court below found that the defendant had omitted the ordinary or average skill of his trade in the treatment of the plaintiff's rug, and that its damaged condition resulted from such omission. The questions of fact were primarily to be determined by the trial court, and its mere refusal to accept the defendant's contention does not present error.

The judgment should be affirmed, with costs.